**SO ORDERED.**

**SIGNED this 18 day of December, 2015.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| PEGGY J. DANIELS | 15-00666-5-SWH |
| DEBTOR | |

### ORDER REGARDING MOTION FOR DETERMINATION OF SECURED STATUS AND MODIFICATION OF CLAIM OF HOUSEHOLD REALTY CORPORATION

The matter before the court is the debtor's motion to determine the secured status of, and modify, HSBC Mortgage Services, Inc.'s ("HSBC") claim. A hearing was held on November 10, 2015, in Wilmington, North Carolina. The debtor contends that HSBC has a security interest both in the debtor's principal residence and in escrow funds, and that HSBC's claim may thus be modified under 11 U.S.C. § 1322(b)(2).

**BACKGROUND**

The debtor is the owner of real property, including a mobile home[1] and the land upon which it sits, located at 4608 Noble Court NW, Shallotte, NC (collectively, the "Property"). The Property constitutes the debtor's principal residence. On August 28, 2000, the debtor executed a promissory note in the original principal amount of $85,600.00 ("Note"), secured by a deed of trust to the Property ("Deed of Trust"). HSBC is the current holder of the Note and Deed of Trust, and filed a proof of claim in the amount of $118,559.66.

On the petition date, the debtor scheduled the Property as having a fair market value of $36,193.79.[2] Schedule A, Doc. No. 1 at 19. Accordingly, the debtor filed the instant motion seeking a declaration that HSBC's claim is partially secured and that it can be modified and bifurcated into secured and unsecured components. The debtor argues that the proposed treatment of HSBC's claim does not run afoul of the anti-modification clause found in § 1322(b)(2) because the Deed of Trust grants HSBC a security interest in escrow funds in addition to the debtor's residential real property.

**DISCUSSION**

While the Bankruptcy Code permits a debtor's chapter 13 plan to "modify the rights of holders of secured claims," it expressly excludes from modification claims "secured only by a security interest in real property that is the debtor's principal residence." § 1322(b)(2). Thus, a claim is protected by the anti-modification provision and cannot be modified once the court

---

[1]There is no dispute that the mobile home is affixed to the land and thus constitutes real property under North Carolina law. See Debtor's Schedule A, Doc. No. 1 at 19; see also Motion to Determine Secured Status and Modify Claim, Doc. No. 16 at 2.

[2]The debtor's motion also sought a declaration of the value of the Property and the amount of HSBC's secured claim. At the hearing, the court determined that the value was $50,000.00.

determines that the claimant's security interest extends solely to real property that is the debtor's principal residence.

The parties agree that the Property is real property that is the debtor's principal residence. However, the debtor contends that the Deed of Trust provides for an additional security interest in escrow funds, and thus HSBC's claim can be modified under § 1322(b)(2). The language of the Deed of Trust requires the debtor to make escrow payments to cover taxes, leasehold payments or ground rents, and insurance premiums, and states that the escrow items "are pledged as additional security for all sums secured." Deed of Trust, Ex. to Claim 5-1 at 13. HSBC argues that an additional security interest was not created because the escrow funds are statutorily inseparable from the principal residence pursuant to the Code's definition of principal residence as "including incidental property," which, in turn, is defined as including "escrow funds." §§ 101(13A); (27B).

A similar argument was addressed by the U.S. Court of Appeals for the Fourth Circuit in Ennis v. Green Tree Servicing, LLC (In re Ennis), 558 F.3d 343 (4th Cir. 2009). In Ennis, the Fourth Circuit considered the impact of the Code's newly added definition of "debtor's principal residence," which includes a mobile home that is not attached to real property, and is thus personalty, and concluded that it did not satisfy or alter the real property requirement of § 1322(b)(2). 558 F.3d at 344. Like the creditor in Ennis, HSBC urges the court to look to legislative intent as a "guiding light" in interpreting § 1322(b)(2) and to find that the statutory inclusion of escrow funds as part of the definition of "debtor's principal residence" makes its claim non-modifiable. Id. at 345 (creditor argued that the definition showed a "federal interest to define real property in Chapter 13 not under varying state law, but under a broader and uniform definition.") (internal quotations omitted).

3

Consistent with the Fourth Circuit precedent set forth in Ennis, this court chooses not to adopt that broad interpretation.  Id.

Ennis made clear that there are two *distinct* and *independent* requirements under § 1322(b)(2): (1) the security interest must be in real property; and (2) the real property must be the debtor's principal residence.  Id. at 345-46.  "The definition of 'debtor's principal residence' addresses only the second requirement, 'leaving the explicit "real property" [requirement] untouched.'"  Id. at 346 (quoting In re Herrin, 376 B.R. 316, 320 (Bankr. S.D. Ala. 2007)).  Construing the definition of "debtor's principal residence" as eliminating the real property requirement goes against the "basic canon of statutory construction" that "[a] statute 'must be interpreted, if possible, to give each word some operative effect.'"  Id. at 346 (quoting Walters v. Metro. Educ. Enters., 590 U.S. 202, 209 (1997)).  Accordingly, following the precedent of the Fourth Circuit, as it must, this court finds that in order to afford anti-modification protection to HSBC's claim, the escrow funds at issue must not only be part of the "debtor's principal residence," but also must constitute real property.  To determine whether the escrow funds are real or personal property, the court looks to state law.  Butner v. United States, 440 U.S. 48, 54-55 (1979).

The court in In re Bradsher, 427 B.R. 386 (Bankr. M.D.N.C. 2010), had occasion to address this very issue.  After engaging in a survey of North Carolina law pertaining to real property, the court concluded that escrow funds are *not* real property.  Bradsher, 427 B.R. at 391 (absence of controlling law on point, but predicting how Supreme Court of North Carolina would rule).  Therefore, although escrow funds are included in the definition of "debtor's principal residence," they are not realty, and in light of the Deed of Trust's explicit creation of a security interest in the

4

same, HSBC's claim can be modified pursuant to § 1322(b)(2).  Id. at 392; see also In re Murray, Case No. 10-10125-8-JRL, 2011 WL 5909638, at *2 (Bankr. E.D.N.C. May 31, 2011).

While HSBC points to cases that have specifically rejected the foregoing line of North Carolina cases, those cases are not binding on this court.  Ennis, however, is.  Bradsher and Murray reached their respective conclusions in light of the Fourth Circuit's clear instructions in Ennis. Additionally, the court rejects HSBC's argument that King v. Burwell, — U.S. —, 135 S. Ct. 2480 (2015), directs this court to look outside the clear language of § 1322(b)(2).  Put simply, Burwell is not analogous.  The Court in Burwell recognized that it was an "extraordinary case[]" having "deep 'economic and political significance' that is central to [the] statutory scheme."  — U.S. —, 135 S. Ct. at 2483.  In deciding that the disputed provision was ambiguous, the Court considered it in the context of the overall statutory scheme.  Id.  However, § 1322(b)(2) is unambiguous even when read in light of the definition of "debtor's principal residence" and "incidental property."  Although non-realty may be the debtor's principal residence, § 1322(b)(2) unambiguously requires that the security also be real property.

HSBC also cites to Birmingham v. PNC Bank, N.A., Inc., Adv. Pro. No. 14-00378, 2015 WL 4111645 (D. Md. July 7, 2015), in support of its argument that Burwell's statutory construction principles direct bankruptcy courts in interpreting § 1322(b)(2).  Although Birmingham interprets § 1322(b)(2) and contains a quote from Burwell regarding the legislative plan, it does not specifically "interpret[] Burwell's application to the Bankruptcy Code," as urged by HSBC.  Further, Birmingham involved a deed of trust that did not contain explicit language creating a security interest in escrow funds.  2015 WL 4111645, at *1-2.  In light of this difference in language, Birmingham's rejection of Bradsher and Murray is not instructive.  This court has similarly declined to allow

5

modification of a claim where the deed of trust omits language creating additional security interests. See In re Adams, Case No. 15-02067-5-SWH (Bankr. E.D.N.C. Nov. 30, 2015).

Birmingham took the analysis one step further, however, finding that "[e]scrow accounts are . . . a typical feature in every home mortgage, and to hold that their existence removes a mortgage from the anti-modification clause emasculates the statute." 2015 WL 4111645, at *6 (quoting Rodriguez v. Mellon Bank, N.A. (In re Rodriguez), 218 B.R. 764, 777 (Bankr. E.D. Pa. 1998)) (internal quotations omitted). Birmingham found that benefits such as escrow accounts are merely incidental to – and inextricably bound with – an interest in the real property "as part of the possessory bundle of rights." 2015 WL 4111645, at *6 (quoting Allied Credit Corp. v. Davis (In re Davis), 989 F.2d 208, 212-13 (6th Cir. 1993)) (internal quotations omitted). This court cannot agree, and in fact, believes that Ennis dictates otherwise. Both escrow funds and mobile homes not affixed to realty are defined as part of the "debtor's principal residence," §§ 101(13A); (27B), yet they are not real property under state law. The ruling in Ennis acknowledged the definition of "debtor's principal residence," but firmly held that the debtor's principal residence must also be realty for § 1322(b)(2) to apply. The court finds that the instructions in Ennis were clear, and mandate the determination that a security interest in escrow funds removes HSBC's claim from the protection of § 1322(b)(2).[3]

## CONCLUSION

In sum, HSBC is secured by escrow funds in addition to real property that is the debtor's principal residence. Therefore, HSBC's claim may be modified pursuant to § 1322(b)(2).

---

[3] The court notes that lenders have an obvious way to avoid this result: by omitting language that purports to create additional security from deeds of trust.

**SO ORDERED**.

**END OF DOCUMENT**